USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6-3-13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALLSTATE INSURANCE COMPANY,

                    **Plaintiff,**

          - against -

PUNEET KUMAR, M.D., et al.,

                  **Defendants.**

**REPORT AND**
**RECOMMENDATION**

**10 Civ. 8166 (KBF) (RLE)**

**To the HONORABLE KATHERINE B. FORREST, U.S.D.J.:**

## I.   INTRODUCTION

On October 28, 2010, Allstate Insurance Company ("Allstate") commenced this action

against Puneet Kumar, M.D., John Cosby, M.D. ("Nominal Owner Defendants"); ABL Medical

P.C., Cosby Medical, P.C., Magenta Medical, P.C. (collectively, "P.C. Defendants"); Leonard

Gerchick; Alexander "Doe"; Christopher Montana, D.C.; David Slidovker a/k/a Dmitry

Slidovker; Anatta Levinsky; Hamlet Balbuena; Yvette Williams; Inwood Management, Inc.;

Solid Management & Billing, Inc.; Soma Health Care Billing and Management Inc.; and EV

Health Care Management, Inc. (collectively, "Management Defendants") seeking declaratory

judgment pursuant to 28 U.S.C. § 2201 and § 2202 and alleging violations of 18 U.S.C. §§

1962(c) and (d), state fraud, and unjust enrichment. (Compl. ¶¶ 91-175.)  Allstate moved for

entry of default against all defendants and the Clerk of the Court entered the defaults.  Allstate is

seeking trebled damages pursuant to 18 U.S.C. § 1964(c) and prejudgment interest pursuant to

New York C.P.L.R. § 5001 and § 5004. Mem. of Law in Support of Pl. Mot. for Default Against

Def. Leonard Gerchick ("Mot.") 14; Supp. Mem. of Law on Damages 2-7 ("Supp. Mem.").

This inquest on damages was referred on October 26, 2011.  For the reasons set forth

below, I respectfully recommend that: (1) Defendants ABL and Inwood be jointly and severally

liable for $362,283.30, reflecting $221,269.53 in damages under common law fraud and unjust enrichment, plus $151,013.77 for prejudgment interest; (2) Defendant Inwood be liable for $653,808.59, reflecting $663,808.59 in treble damages, minus the $10,000 settlement payment by Defendant Kumar; (3) Defendants Balbuena, Solid, and Cosby be jointly and severally liable for $89,083.40, reflecting $90,484.30 in damages under common law fraud and unjust enrichment, plus $53,599.10 in prejudgment interest,; (4) Defendant Balbuena and Solid be jointly and severally liable for $271,452.90 in treble damages, minus the $55,000 settlement payment by Defendants Montana, Slidovker, Levinski and Soma; (5) Defendant Magenta be liable for $278,026.93, reflecting $171,046.77 in damages under common law fraud and unjust enrichment, plus $106,980.16 in prejudgment interest, minus the $45,000 settlement payment by Defendants Williams and EV.

## II.   BACKGROUND

New York permits health care providers such as medical professional corporations to submit claims to a medical insurer for no-fault benefit medical services rendered and to receive payments in return. 11 NYCRR § 65-3.11. A fraudulently incorporated medical professional corporation may not be reimbursed for false billing practices. 11 NYCRR § 3.16(a)(12). Under New York law, medical professional corporations must be owned and operated by licensed physicians. N.Y. Bus. Corp. § 1507. Allstate claims that Management Defendants are not, and never have been, licensed physicians, and that they unlawfully incorporated, owned, and controlled a series of medical professional corporations, including P.C. Defendants. (Compl. ¶¶ 1-3.) It asserts that Management Defendants illegally purchased the use of Nominal Owners Defendants' medical licenses for the purpose of submitting false claims for payment under New York's no-fault insurance laws. (*Id.* ¶ 32.)

2

Allstate alleges that the Management Defendants entered into contracts with the fraudulently incorporated medical professional corporations, P.C. Defendants, for billing and other management services. (*Id.* ¶¶ 37-39.) The Management Defendants billed the P.C. Defendants to maintain the latter in constant debt to the former. (*Id.*) Management Defendants funneled insurance payments from the fraudulently incorporated medical professional corporations to themselves. (*Id.* ¶ 39.)

Allstate filed its Complaint, which invokes this court's diversity jurisdiction, on October 28, 2010. It asserted claims of common law fraud and unjust enrichment against all Defendants, and Racketeer Influenced and Corrupt Organizations ("RICO") Act violations against all Defendants, save the P.C. Defendants, which Allstate regards as the enterprises used as tools in the racketeering conspiracy or activity. (Compl. ¶¶ 95-175.)

Allstate seeks a judgment in the amount of the payments it made to the P.C. Defendants, plus prejudgment interest, minus the settlement payments already received from other Defendants who have previously agreed to settle this matter, and treble damages under RICO against all defaulting Defendants, plus prejudgment interest minus the settlement payments. Allstate requests that all related defaulting Defendants be held jointly and severally liable for damages.

The Defendants were organized as follows:

| | P.C. Defendants | | |
| --- | --- | --- | --- |
| | ABL Medical | Cosby Medical | Magenta Medical |
| **Management Defendants** | Leonard Gerchick, Alexander "Doe," and Inwood Management | Christopher Montana, David Slidovker (a.k.a. Dmitry Slidovker), Anatta Levinsky, Hamlet Balbuena, Solid Management & Billing, Inc., and Soma Health Care Billing & Management, Inc. | Yvette Williams, and EV Health Care Management, Inc. |
| **Nominal Owner Defendants** | John Cosby, M.D. or Peneet Kumar, M.D. | John Cosby, M.D. or Peneet Kumar, M.D. | John Cosby, M.D. or Peneet Kumar, M.D. |

## III.   DISCUSSION

### A.   Default Judgment and Reasonable Certainty

Upon entry of a default judgment, the defaulting defendants are regarded as having admitted the truth of the allegations in the complaint. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997). The court may not, however, "just accept [plaintiff's] statement of the damages." *Id.* at 111. After entry of a default judgment, the court must determine the amount of damages to a reasonable certainty. *Id.* Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a reasonable certainty means that there is "a basis for the damages specified in the default judgment." *Id.* (quotations omitted).

Cynthia Wilcox, Special Investigator for Allstate, submitted copies of the tax identification number payment runs ("TIN Runs") to show the amount of payments made by Allstate to Defendants ABL, Cosby and Magenta, noting:

4

The TIN Runs draw payment information from Allstate's earnings reporting system, from which IRS Forms 1099-MISC are generated for payees and to report to the Internal Revenue Service. When a payment to a healthcare provider is authorized by Allstate, the designated information is inputted into Allstate's systems, which in turn generates a check that is issued and catalogued according to the tax identification number of the payee. The TIN Runs reflect every individual payment that Allstate makes to a provider with the pertinent tax identification number. The information in Allstate's earnings reporting system from which the TIN Runs are generated is compiled and maintained in the ordinary course of Allstate's business.

(Cynthia Wilcox Decl. ¶ 4.)

**B.    Entitlement to RICO Damages**

The purpose of The Racketeer Influenced and Corrupt Organizations Act ("RICO") is to "[protect] legitimate business from the infiltration of organized crime." 18 U.S.C. §§ 1961-64; *United States v. Porcelli*, 865 F.2d 1352, 1362 (2d Cir. 1989). Section 1964(c) of the Act provides that the plaintiff "shall recover threefold the damages he sustains." Under § 1964(c), the plaintiff may seek trebled damages only if he alleges that: (1) the defendant committed the predicate RICO violation under § 1962, (2) the plaintiff was harmed in his business, and (3) the defendant caused injury to plaintiff's business by reason of his violation. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003); *Reed Const. Data Inc. v. McGraw-Hill Companies*, 745 F. Supp. 2d 343 (S.D.N.Y. 2010).

A plaintiff may have a cause of action only if the alleged RICO violation was the proximate cause of his injury. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268-69 (1992). There must be "some direct relation between the injury asserted and the injurious conduct alleged." *Id.* at 268; *see also Lerner*, 318 F.3d at 123; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459-60 (2006) (upholding *Holmes* and reasoning that, without proximate causation, an alleged injury may have been caused by some unknown party and a calculation of damages would be speculative). Here, default judgment was entered by the

5

District Judge against Defendants and Allstate's RICO claims under § 1962(c) and (d) were deemed sufficiently pled.

### 1.    Apportionment of Damages

"[Federal] common law governs whether a defendant in an action brought under federal law is entitled to a credit against judgment for the settlement by another party to the dispute." *Chloe v. Zarafshan*, 2009 WL 2956827, *7 (S.D.N.Y. Sept. 15, 2009) (internal quotations omitted). When a jointly liable co-defendant has settled, the damages against a non-settling defendant will be offset based on his proportionate share of liability. *McDermott*, 511 U.S. at 212. Under the proportionate share approach, each defendant, or group of defendants, will be responsible for damages based on his or their share of liability. *Id.* at 207. The proportionate share approach requires "damages be assessed on the basis of proportionate fault when such allocation can reasonably be made." *Id.* Defaulting defendants may benefit from the set-off rule. *See State Farm Mut. Auto. Ins. Co. v. Kalika*, 2007 WL 4326920, *9 (E.D.N.Y. 2007). Defendants in a civil RICO suit are jointly and severally liable for damages. *Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1074 n. 1 (2d Cir. 1993); *City of New York v. Pollack*, 2006 WL 522462, *17 (S.D.N.Y. 2006) (imposing joint and several liability on civil RICO defendants).

Allstate requests that damages be apportioned between groups of defaulting defendants based on their liability as determined by their level of activity and engagement with the fraudulently incorporated medical professional corporation that organized the enterprise (e.g., Inwood Management, Inc. ("Inwood") is liable for payments made to ABL Medical P.C. ("ABL"), but not for payments made to Magenta or to Cosby Medical). (Supp. Mem. 1-2.) Allstate has credited settlement amounts to some Defendants within these groups already. In one instance, Allstate subtracted Defendant Kumar's settlement payment of $10,000 from the trebled

damages plus prejudgment interest they seek against Inwood. (*See* Supp. Mot. on Damages

("Supp. Mot.").) Therefore, despite the lack of discovery occasioned by entry of a default

judgment against Defendants, damages may be "reasonably" apportioned between them. *RLI*

*Ins. Co. v. King Sha Group*, 598 F. Supp. 2d 438, 447; *McDermott*, 511 U.S. at 207. Settlements

made before judgment is entered should be offset after trebling damages. *Hydrolevel Corp. v.*

*American Soc. of Mechanical Engineers, Inc.*, 635 F.2d 118, 130 (2d Cir. 1980) (ruling that

compensatory damages should be trebled before subtracting the amount paid in settlements.)

## C.    Prejudgment Interest

Allstate is entitled to prejudgment interest on their New York State common law fraud

claim. *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694-95 (2d Cir. 1983). Allstate seeks to

recover interest on damages under N.Y. C.P.L.R. §§ 5001, 5004. (Pl. Mot. 14.) The statutes

provide for prejudgment interest on compensatory damages, and federal courts apply this

standard where parties are liable for damages under New York State law. *Manufacturers*

*Hanover Trust Co. v. Drysdale Sec. Corp.*, 801 F.2d 13, 28 (2d Cir. 1986) (ruling that since

liability was not established under state common law, it was not mandatory for the federal court

to apply the state prejudgment statute). Under § 5001, "[where] . . . damages were incurred at

various times, interest shall be computed upon each item from the date it was incurred or upon

all of the damages from a single reasonable intermediate date," and that, "[interest] shall be at

the rate of nine per centum per annum." The prejudgment interest rate is not compounded. *Id.*

An award of prejudgment interest is mandatory for state law fraud, but not under RICO.

*Bingham v. Zolt*, 810 F. Supp. 100, 102 (S.D.N.Y. 1993). Prejudgment interest is not necessary

where trebled damages have sufficiently compensated the plaintiff and where there are no

extraordinary circumstances that would otherwise warrant compelling defendants to pay interest. *Id.* at 102-03; *see also Roth v. Blyth, Eastman Dillon Co., Inc.*, 637 F.2d 77, 87 (2d Cir. 1980)

**D.    Calculations**

In order to calculate the total prejudgment interest a defendant accumulated from 2002 to 2011, the Court will first determine the prejudgment interest from the money taken from the plaintiff each year.  For each particular year, the Court subtracts the current calculation year from the last year a defendant took money from the plaintiff.  This number is multiplied by the amount of damages for that particular year, with the total being multiplied by nine percent.  The Court must make these calculations for every year from 2002-2011 and add the prejudgment interest accumulated for each year to obtain the total.  *See* CPLR §§ 5001, 5004; Max Gershenoff Decl., Ex. A.  The total amounts for each defendant are as follows:[1]

**1.    Inwood and ABL Medical, P.C.**

Inwood and ABL are jointly and severally liable for damages under common law fraud, unjust enrichment, plus prejudgment interest for actions against Allstate from 2002 to 2011.  The total amount of damages incurred from common law fraud and unjust enrichment is $221,269.53.  Inwood and ABL accumulated $151,013.77 in prejudgment interest.  Thus, Inwood and ABL are jointly and severally liable for $362,283.30.

Inwood is liable for treble damages under RICO, 18 U.S.C. § 1964(c).  This total comprises three times the damages Allstate has sustained from Inwood, $221,269.53, or a total of $663,808.59.  The settlement with Dr. Kumar, results in a $10,000.00 deduction in this amount, for a total damage award of $653,808.59.

---

[1] Calculation details are appended to this Report and Recommendation.

### 2.     Balbuena, Solid, and Cosby Medical, P.C.

Balbuena, Solid and Cosby Medical, P.C. ("Cosby") are jointly and severally liable for damages under common law fraud, unjust enrichment, plus prejudgment interest for actions against Allstate from 2002 to 2011. The total damages for common law fraud and unjust enrichment is $90,484.30. The total prejudgment interest is $53,599.10. Therefore, Balbuena, Solid, and Cosby are jointly and severally liable for $144,083.40.

Balbuena and Solid are also liable for damages under RICO, 18 U.S.C. § 1964(c). This total is composed of three times the damages sustained by Allstate, which was determined to be $90,484.30. The settlement with Montana, Slidocker, Levinski, and Soma, results in a $55,000.00 reduction. Therefore, Balbuena and Solid are jointly and severally liable for $216,452.90 in treble damages.

### 3.     Magenta Medical, P.C.

Magenta Medical, P.C. ("Magenta") is liable for damages under common law fraud, unjust enrichment, and prejudgment interest for its activity involving Allstate from 2002 to 2011. Magenta is liable for $197,605.90 under common law and unjust enrichment, and $106,983.21 for prejudgment interest. The settlement with Williams and EV, results in a $45,000.00 reduction. Therefore, Magenta is liable for $259,589.11.

## E.     Attorney's Fees

The Federal Rules of Civil Procedure state that a default judgment "shall not be different in kind from, or exceed in amount, that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The plaintiff must make a distinct claim for attorney's fees that does not just consist of

boilerplate language, but constitutes "meaningful notice" to the defendants of potential liability in the event of an entry of a default judgment. *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). Here, Allstate has not specifically asked for attorney's fees. Boilerplate language is included in the Complaint, but this is insufficient to entitle Plaintiff to attorney's fees. (*See* Compl. ¶¶ 101, 108, 115, 128, 135, 142, 155, 162.)

## IV.   CONCLUSION

For the reasons set forth above, I respectfully recommend that the court grant Allstate relief in the amount of $1,636,217.20, to be divided in accordance with the following:

(1) ABL and Inwood be jointly and severally liable for $362,283.30;

(2) Inwood be liable for $653,808.59;

(3) Balbuena, Solid and Cosby be jointly and severally liable for $144,083.40;

(4) Balbuena and Solid be jointly and severally liable for $216,452.90; and

(5) Magenta be liable for $259,589.11.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Katherine B. Forrest, 500 Pearl Street, Room 730, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ.

P. 72, 6(a), 6(d).

**DATED: June 3, 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

11

# APPENDIX A

## Damages against Inwood and ABL

**A.    Common Law Fraud, Unjust Enrichment Damages Against Inwood and ABL**

Payments From Allstate To ABL Since April 4, 2002

| Year | Amount |
|------|--------|
| 2002 | $69,730.94 |
| 2003 | $92,918.90 |
| 2004 | $7,648.26 |
| 2005 | $11,181.64 |
| 2006 | $27,214.56 |
| 2007 | $12,575.23 |
| 2008 | $0 |
| 2009 | $0 |
| 2010 | $0 |
| **Total** | **$221,269.53** |

**B.    Prejudgment Interest Calculation**

| Year | Damages | Interest Multiplier (9%) | Time Multiplier (years) | Interest |
|------|---------|--------------------------|-------------------------|----------|
| 2002 | $69,730.94 | 0.09 | 9 | $56,482.06 |
| 2003 | $92,918.90 | 0.09 | 8 | $66,901.60 |
| 2004 | $7,648.26 | 0.09 | 7 | $4,818.40 |
| 2005 | $11,181.64 | 0.09 | 6 | $6,038.08 |
| 2006 | $27,214.56 | 0.09 | 5 | $12,246.55 |
| 2007 | $12,575.23 | 0.09 | 4 | $4,527.08 |
| 2008 | $0 | 0.09 | 3 | $0 |
| 2009 | $0 | 0.09 | 2 | $0 |
| 2010 | $0 | 0.09 | 1 | $0 |
|  |  |  | Total | $151,013.77 |

Damages under Common Law and Unjust Enrichment: $221.269.53

Prejudgment Interest: $151,013.77

**Inwood and ABL jointly and severally liable for: $372,283.30**

ii

**APPENDIX B**

**Damages against Balbuena, Solid, and Cosby**

A.    **Common Law Fraud and Unjust Enrichment Damages Against Balbuena, Solid, and Cosby**

Payments From Allstate To Cosby Since April 4, 2002

| Year | Amount |
|------|--------|
| 2002 | $0 |
| 2003 | $29,320.10 |
| 2004 | $39,121.20 |
| 2005 | $5,063.10 |
| 2006 | $1,851.36 |
| 2007 | $7,945.92 |
| 2008 | $1,444.78 |
| 2009 | $5,645.34 |
| 2010 | $92.50 |
| **Total** | **$90,484.30** |

i

**B.   Prejudgment Interest Calculation**

| Year | Damages | Interest Multiplier (9%) | Time Multiplier (years) | Interest |
|------|---------|--------------------------|-------------------------|----------|
| 2002 | $0 | 0.09 | 9 | $0 |
| 2003 | $29,320.10 | 0.09 | 8 | $21,110.47 |
| 2004 | $39,121.20 | 0.09 | 7 | $24,646.35 |
| 2005 | $5,063.10 | 0.09 | 6 | $2,734.07 |
| 2006 | $1,851.36 | 0.09 | 5 | $833.11 |
| 2007 | $7,945.92 | 0.09 | 4 | $2,860.53 |
| 2008 | $1,444.78 | 0.09 | 3 | $390.09 |
| 2009 | $5,645.34 | 0.09 | 2 | $1,016.16 |
| 2010 | $92.50 | 0.09 | 1 | $8.32 |
|  |  |  | **Total** | **$53,599.10** |

Damages under common aw and unjust enrichment:  $90,484.30

Prejudgment interest:  $53,599.10

**Balbuena, Solid, and Cosby be jointly and severally liable for: $144,083.40**

ii

## APPENDIX C

## Damages Against Magenta Medical, PC

**A.**    **Common Law Fraud and Unjust Enrichment Damages Defendant Magenta**

Payments From Allstate To Magenta Since April 4, 2002

| Year | Amount |
|------|--------|
| 2002 | $0 |
| 2003 | $20,363.95 |
| 2004 | $113,855.85 |
| 2005 | $31,411.90 |
| 2006 | $3,056.68 |
| 2007 | $0 |
| 2008 | $2,436.64 |
| 2009 | $0 |
| 2010 | $17,701.53 |
| **Total** | **$197,605.90** |

i

**B.     Prejudgment Interest Calculation**

| Year | Damages | Interest Multiplier (9%) | Time Multiplier (years) | Interest |
|------|---------|--------------------------|-------------------------|----------|
| 2002 | $0 | 0.09 | 9 | $0 |
| 2003 | $20,363.95 | 0.09 | 8 | $14,662.04 |
| 2004 | $113,855.85 | 0.09 | 7 | $71,729.18 |
| 2005 | $31,411.90 | 0.09 | 6 | $16,962.42 |
| 2006 | $3,056.68 | 0.09 | 5 | $1,375.50 |
| 2007 | $0 | 0.09 | 4 | $0 |
| 2008 | $2,436.64 | 0.09 | 3 | $657.89 |
| 2009 | $0 | 0.09 | 2 | $0 |
| 2010 | $17,701.53 | 0.09 | 1 | $1,593.13 |
|  |  |  | **Total** | **$106,983.21** |

Damages under common law and unjust enrichment: $197,605.90

Prejudgment interest: $106,983.21

**Magenta be liable for: $259,589.11**

ii